**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**CHRISTOPHER MARTINEZ,**

        **Petitioner,**

 **vs.**             **9:09-cv-00900**
                  **(MAD)**

**ROBERT KIRKPATRICK,** *Superintendent,*
*Wende Correctional Facility,*

        **Respondent.**
_____

**APPEARANCES:**         **OF COUNSEL:**

**CHRISTOPHER MARTINEZ**
04-B-0818
Shawangunk Correctional Facility
P.O. Box 700
Wallkill, New York 12589
Petitioner, *pro se*

**OFFICE OF THE NEW YORK**     **LEILANI J. RODRIGUEZ, AAG**
**STATE ATTORNEY GENERAL**
Poughkeepsie Office
One Civic Center Plaza
Poughkeepsie, New York 12601
Attorneys for Respondent

**OFFICE OF THE NEW YORK**     **MICHELLE ELAINE MAEROV, AAG**
**STATE ATTORNEY GENERAL**
New York Office
120 Broadway
New York, New York 10271
Attorneys for Respondent

**Mae A. D'Agostino, U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

On August 6, 2009, Petitioner filed a *pro se* petition for a writ of habeas corpus pursuant

to 28 U.S.C. § 2254. *See* Dkt. No. 1. On May 10, 2011, this Court dismissed the petition. *See*

Dkt. No. 35. On July 20, 2012, the Second Circuit remanded the May 10, 2011 judgment "solely for the purpose of an evidentiary hearing to determine whether an actual or potential conflict of interest existed and, if so, whether the conflict adversely affected Moran's representation." Dkt. No. 40 at 5. On August 8, 2012, Frederick Rench, Esq. ("Attorney Rench") was appointed to represent Petitioner for the evidentiary hearing. *See* Dkt. No. 41. On January 3, 2013, the Court held the evidentiary hearing. *See* Dkt. No. 56. On May 22, 2013, the Court denied Petitioner's petition for a writ of habeas corpus and declined to issue a certificate of appealability. *See* Dkt. No. 61 at 34.

On June 7, 2013, after the evidentiary hearing and the Court's decision, Attorney Rench was terminated as counsel for Petitioner. *See* Dkt. No. 68. The Second Circuit denied Petitioner's motions for certificate of appealability, appointment of counsel, and *in forma pauperis* status on September 24, 2013. *See* Dkt. No. 69. Three years later, on September 21, 2016, Petitioner filed a motion to vacate the May 22, 2013 judgment. *See* Dkt. No. 75.

Currently before the Court are (1) Petitioner's motion for leave to proceed *in forma pauperis* ("IFP"), (2) Petitioner's motion to vacate judgment entered on May 22, 2013, and (3) Petitioner's motion to appoint counsel. *See* Dkt. Nos. 75-77.

## II. BACKGROUND

On January 3, 2013, this Court held an evidentiary hearing for the sole purpose of determining whether Petitioner's criminal trial counsel had an actual or potential conflict and, if so, whether the conflict adversely affected Moran's representation. *See* Dkt. No. 56. On May 22, 2013, after the hearing, this Court denied and dismissed the petition. *See* Dkt. No. 61. Petitioner's motion to vacate judgment now asserts that Attorney Rench had a conflict of interest that hindered his ability to represent Petitioner during the evidentiary hearing. *See* Dkt. No. 75 at

2

¶ 4.

On the day of the evidentiary hearing, at approximately 11:00 a.m., Attorney Rench met with Petitioner to discuss preliminary matters. *See id.* at ¶ 28. Before the hearing, at approximately 1:25 p.m., Attorney Rench revealed to the Court that he had applied for a position with the Attorney General's office months before the evidentiary hearing and that he had interviewed once for the position, but had no additional contact with the office. *See id.* at ¶ 29. At this point, the Court afforded Attorney Rench an opportunity to discuss the issue with Petitioner and advised him during a fifteen minute recess "that [Petitioner] could fire him and have the court appoint new counsel, but reiterated that the witnesses were already present, everyone was ready to proceed, and [that he] didn't do anything wrong." *Id.* at ¶¶ 29-30.

After discussing the potential conflict with Petitioner, Attorney Rench stated to the Court:

> I believe, September or October of this year, I put an application in to the Attorney General's Office for the State of New York, specifically in the litigation department. Following my submitting my application, I had an interview with that office; I think it was in November of 2012 . . . . Since that time, I've had no contact with that office, except for Miss Rodriguez with respect to this case, and I have no idea, Judge, whether my application has been acted upon or not acted upon, and certainly I've not made any other overtures towards the office to see if I would be accepted for the position.

*Id.* at ¶ 31. When the Court reconvened, Attorney Rench informed the Court that he "spoke to Mr. Martinez privately about the potential conflict, explained to him exactly what I placed on the record, advising him that if he chose, I could be taken off the case. And I believe Mr. Martinez is going to decide to have me continue on." *Id.* Petitioner was asked if he had the opportunity to privately discuss the matter with Attorney Rench, to which Petitioner answered "'moments ago.'" *Id.* at ¶ 34. The Court then confirmed that Petitioner waived any potential conflict of interest claim:

3

> THE COURT: And do you understand, Mr. Martinez, that if ultimately this Court or another Court were to decide against you, if you agree that Mr. Rench can represent you here today, that you're pretty much giving up a claim that you had a conflict of interest here in Mr. Rench representing you?
>
> MR. MARTINEZ: I do understand.
>
> THE COURT: You understand that? And it would be next to impossible for you to make an argument at any time in the future that you did not want Mr. Rench to represent you here today. You understand that?
>
> MR. MARTINEZ: I do understand.
>
> THE COURT: Knowing all of that, is it your desire to have Mr. Rench go ahead and represent you in this evidentiary hearing today?
>
> MR. MARTINEZ: Yes.
>
> \*\*\*
>
> THE COURT: All right. Based upon the questions that Mr. Martinez has answered under oath, I find that he has waived any claim or argument that Mr. Rench would have a conflict of interest in his representation of him and that it would appear that all parties are ready to proceed with the evidentiary hearing.
> Is there anything you want to add, Mr. Rench?
>
> MR. RENCH: No, Judge, thank you.

*Id.* After the evidentiary hearing and over three years after this Court issued its judgment, Petitioner filed a motion to vacate judgment due to Attorney Rench's potential conflict of interest. *See id.* at ¶ 44. Petitioner has additionally filed a motion for leave to proceed IFP, *see* Dkt. No. 76, and a motion to appoint counsel. *See* Dkt. No. 77.

### III. DISCUSSION

**A.     Petitioner's Rule 60(b) motion is untimely**

Petitioner moves to vacate judgment pursuant to Rule 60(b)(4) and (6) of the Federal

4

Rules of Civil Procedure. *See* Dkt. No. 75 at ¶ 43. "A motion under Rule 60(b) must be made within a reasonable time" though motions pursuant to Rule 60(b)(4) and (6) are not bound by the strict one-year limitation imposed on motions pursuant to Rule 60(b)(1), (2), and (3). Fed. R. Civ. P. 60(c)(1). "To determine whether the motion was filed within a reasonable time, a court 'must scrutinize the particular circumstances of the case, and balance the interest in finality with the reasons for delay.'" *Klein v. United States*, No. 09 CIV. 10048, 2013 WL 5966889, *1 (S.D.N.Y. Nov. 8, 2013) (quoting *Flemming v. N.Y.*, 423 Fed. Appx. 64, 65 (2d Cir. 2011)) (other citations omitted).

Courts in the Second Circuit have "been exceedingly lenient in defining the term 'reasonable time,' with regard to voidness challenges [pursuant to Rule 60(b)(4)]. In fact, it has been oft-stated that, for all intents and purposes, a motion to vacate a default judgment as void 'may be made at any time.'" *Beller & Keller v. Tyler*, 120 F.3d 21, 24 (2d Cir. 1997) (internal citations omitted). However, even in *Beller & Keller* the Second Circuit stated that "we could easily be persuaded that [defendant]'s Rule 60(b)(4) motion was not made within a 'reasonable time'" after the defendant filed a motion to vacate judgment less than two years after the initial complaint. *Beller & Keller*, 120 F.3d at 24 (citing *Planet Corp. v. Sullivan*, 702 F.2d 123, 125 (7th Cir. 1983)).

Petitioner filed this motion to vacate judgment on September 21, 2016, *see* Dkt. No. 75, more than three years after the Court denied and dismissed his petition. *See* Dkt. No. 62. Petitioner argues that his three year delay is reasonable because he was "scrutinizing the circumstances of the case" and also in light of "the challenges petitioner faced in pursuing his claims[.]" Dkt. No. 81 at 6.

In his motion, Petitioner argues that he has continuously pursued his legal remedies in the

past three years. *See id.* After this Court entered judgment on May 22, 2013, Petitioner appealed and the Second Circuit denied a certificate of appealability and issued a mandate on September 24, 2013. *See id.*; *see also* Dkt. No. 69. The Supreme Court then denied certiorari on February 24, 2014. *See* Dkt. No. 81 at 6.

Thereafter, Petitioner appealed his conviction in state court pursuant to Criminal Procedure Law §§ 440.10(1)(g) and (h). *See id.*; *see also* Dkt. No. 75-1 at 35. His motion to vacate judgment of conviction was denied on April 7, 2015 by the trial court and then by the Court of Appeals on October 27, 2015. *See* Dkt. No. 81 at 6; *see also* Dkt. No. 75-1 at 44-45. It was only after his unsuccessful appeals, more than three years after the evidentiary hearing, that Petitioner filed a motion to vacate judgment based on Attorney Rench's potential conflict of interest. *See* Dkt. No. 75. Ultimately, Petitioner argues that his pursuit of his general legal remedies and his attempts to seek pro bono counsel should excuse his untimeliness. *See* Dkt. No. 81 at 6.

The Court finds that Petitioner's pursuit of relief in state court does not justify his delay in filing his motion to vacate. The basis for the relief he seeks was addressed in Court at the evidentiary hearing and Plaintiff has failed to provide any basis for the Court to find that the years of delay were reasonable. *See Flemming v. N.Y.*, 423 Fed. Appx. 64, 65 (2d Cir. 2011) (upholding the district court's decision to deny *pro se* plaintiff's motion to vacate under Rule 60(b)(6) after the plaintiff failed to "set forth any explanation that would excuse his three-year delay"); *see also Jin Zhao v. State Univ. of N.Y.*, No. 04 CIV. 210, 2015 WL 6032667, *4 (E.D.N.Y. Oct. 15, 2015) (holding that the "plaintiff's thirty-five month delay in bringing the pending motion is not reasonable"); *Klein v. United States*, No. 09 CIV. 10048, 2013 WL 5966889, *1 (S.D.N.Y. Nov. 8, 2013) (stating "[Petitioner] filed his Rule 60(b) motion

approximately a year after his § 2255 petition was denied. [Petitioner] offers no explanation for this delay . . . Accordingly, this Court holds that [Petitioner] did not bring his Rule 60(b) motion within a reasonable time and therefore his motion is time barred") (citing *PRC Harris, Inc. v. Boeing Co.*, 700 F.2d 894, 897 (2d Cir. 1983)).

Based on the foregoing, the Court finds that Petitioner's motion to vacate is untimely and is hereby denied.[1]

**B.    Standard**

"Relief under Rule 60(b) is 'generally not favored and is properly granted only upon a showing of exceptional circumstances.'" *Ins. Co. of N. Am. v. Pub. Serv. Mut. Ins. Co.*, 609 F.3d 122, 131 (2d Cir. 2010) (quoting *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001)). "The decision whether to grant a party's Rule 60(b) motion is committed to the 'sound discretion' of the district court, and appellate review is confined to determining whether the district court abused that discretion." *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (quoting *Montco, Inc. v. Barr (In re Emergency Beacon Corp.)*, 666 F.2d 754, 760 (2d Cir. 1981)). "'To grant a Rule 60(b) motion, the court must find that the evidence in support of the motion is highly convincing, that the movant has shown good cause for the failure to act sooner, and that no undue hardship is imposed on the other parties as a result.'" *Suffolk Fed. Credit Union v. Cumis Ins. Soc., Inc.*, 958 F. Supp. 2d 399, 402 (E.D.N.Y. 2013) (quoting *Figueroa v. Walsh*, No. 00-CV-1160, 2008 WL 1945350, *4 (E.D.N.Y. May 1, 2008)).

*1. Rule 60(b)(4)*

Under Rule 60(b)(4), "[o]n motion and just terms, the court may relieve a party or its legal

---

[1] Although the Court has found that the motion is untimely, the Court will address the merits of the petition in the alternative.

7

representative from a final judgment, order, or proceeding for the following reason[]: . . . (4) the judgment is void[.]" Fed. R. Civ. P. 60(b)(4). "Relief from a judgment pursuant to Rule 60(b)(4) is not warranted 'simply because [the judgment] is or may have been erroneous.'" *Estate of Shefner ex rel. Shefner v. Beraudiere*, 582 Fed. Appx. 9, 12 (2d Cir. 2014) (quoting *United Student Aid Funds v. Espinosa*, 559 U.S. 260, 270 (2010)). "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Espinosa*, 559 U.S. at 271 (citations omitted). "A judgment is void under Rule 60(b)(4) of the Federal Rules of Civil Procedure 'only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.'" *Grace v. Bank Leumi Trust Co. of N.Y.*, 443 F.3d 180, 193 (2d Cir. 2006) (quoting *Texlon Corp. v. Mfrs. Hanover Commercial Corp.*, 596 F.2d 1092, 1099 (2d Cir. 1979)) (other citation omitted).

In the present matter, Petitioner asserts that the judgment is void because the Court acted in a manner inconsistent with the due process of law. Specifically, Petitioner contends as follows:

> [T]his court *acted in a manner inconsistent with due process* by: (1) failing to recognize petitioner's statutory right to qualified and conflict-free representation throughout the litigation . . . and not evaluating appointed habeas counsel's conflict under the *interest of justice* standard . . . ; (2) failing to adhere to the legal standard governing conflict of interest cases . . . and; (3) failing to independently ensure the proceedings are conducted within the ethical standards of the [legal] profession and appears fair to all who observe them.

Dkt. No. 75 at ¶ 44. Respondent argues that "[t]here is no question that this Court had jurisdiction over the subject matter and the parties. Nor is there any question that the parties received notice of the proceedings and were afforded the opportunity to be heard with respect to the issues to be determined by the Court." Dkt. No. 78 at 5.

Here, the Court finds that this alleged conflict of interest asserted by Petitioner does not qualify as a "rare instance" contemplated by Rule 60(b)(4). Petitioner has not alleged that the Court lacked jurisdiction of the subject matter and the facts do not allege that Petitioner's due process rights were violated. *See United States v. Williams*, 372 F.3d 96, 111-12 (2d Cir. 2004) (finding no violation of due process when the defendant's "right to conflict-free counsel was violated during pretrial proceedings" even though pre-trial counsel had an actual conflict that "pitted [his] own self-interest against that of his client, for nearly two years") (internal quotation marks and citations omitted); *see also Chen v. United States*, No. 12-cv-3904, 2016 WL 519617, *9 (S.D.N.Y. Feb. 3, 2016) (holding that the "[p]etitioner cannot complain that he has been denied due process, as he has had ample opportunity to litigate his claims" when the petitioner brought a Rule 60(b)(4) motion after the court had already denied his petition, which the Second Circuit then affirmed).

Based on the foregoing, the Court finds that Petitioner has failed to state a claim for relief under Rule 60(b)(4).

### *2. Rule 60(b)(6)*

Under Rule 60(b)(6), "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reason[]: . . . (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). "The Second Circuit has explained that Fed. R. Civ. P. 60(b)(6) is 'a grand reservoir of equitable power to do justice in a particular case when relief is not warranted by the preceding clauses.'" *Jackson v. Pfau*, No. 9:10-CV-1484, 2012 WL 12883375, *2 (N.D.N.Y. Jan. 10, 2012) (quoting *Transaero, Inc. v. La Fuerza Area Boliviana*, 24 F.3d 457, 461 (2d Cir. 1994)). "Rule 60(b)(6) of the Federal Rules of Civil Procedure 'is properly invoked only when extraordinary circumstances justify relief or when the

judgment may work an extreme and undue hardship.'" *Jackson*, 2012 WL 12883375, at *2 (quoting *Empresa Cubana Del Tabaco v. General Cigar Co. Inc.*, 385 Fed. Appx. 29, 31 (2d Cir. 2010)). "Notably, a Rule 60(b)(6) motion requires extraordinary circumstances, which typically do not exist where the applicant fails to move for relief promptly." *Grace v. Bank Leumi Trust Co. of N.Y.,* 443 F.3d 180, 190 n.8 (2d Cir. 2006) (internal quotation marks and citations omitted).

Petitioner asserts he had extraordinary circumstances to allow him relief under the catch-all clause of Rule 60(b)(6). *See* Dkt. No. 75 at ¶ 47. Specifically, Petitioner asserts that

> habeas counsel <u>did not</u>: (1) disclose that he was laboring under a conflict of interest until the start of the evidentiary hearing; (2) adequately communicate with petitioner; (3) represent Petitioner's interest by[ ] failing to[ ] marshall a supporting argument for a *stay and obey* after new evidence surfaced at the evidentiary hearing and created a new claim that required exhaustion; (4) to argue a motion in support to amend petitioner's habeas petition, after being ordered by this court and; (5) to call trial counsel to testify at the hearing (the subject of the Second Circuit's mandate).

*Id.* (emphasis in original). Additionally, Petitioner alleges that Attorney Rench's "failure to communicate with petitioner before the evidentiary hearing combined with his lack of diligence in filing the witness list and pre-hearing memorandum of law qualifies as abandonment." *Id.* at ¶ 91.

Respondent argues that Petitioner has not demonstrated extraordinary circumstances because, as Petitioner acknowledges, Attorney Rench explained the potential conflict to Petitioner before the evidentiary hearing. Dkt. No. 78 at 5-6. Additionally, Respondent asserts that since the Court confirmed Petitioner's waiver and "properly proceeded with the hearing, . . . petitioner has no basis to now assert that the conflict he waived constituted an extraordinary circumstance warranting the vacatur of the Court's judgment." *Id.* at 6.

The Court finds that Petitioner has not demonstrated the requisite extraordinary

circumstances. "In typical civil proceedings, [the Second Circuit] *very* rarely grants relief under Rule 60(b)(6) for cases of alleged attorney failure or misconduct." *Harris v. United States*, 367 F.3d 74, 81 (2d Cir. 2004) (citing *United States v. Cirami*, 563 F.2d 26, 32 (2d Cir. 1977)). "To be extraordinary circumstances for purposes of Rule 60(b)(6), a lawyer's failures must be so egregious and profound that they amount to the abandonment of the client's case altogether, either through physical disappearance . . . or constructive disappearance." *Harris*, 367 F.3d at 81 (internal quotation marks and citations omitted). While Petitioner may use the word abandonment, Petitioner has not alleged facts that demonstrate that Attorney Rench abandoned the case altogether by either physically or constructively disappearing. Rather, Attorney Rench competently represented Petitioner at the hearing and made the strongest possible arguments in support of Petitioner's claim.

Based on the foregoing, the Court finds that Petitioner has failed to state a claim for relief under Rule 60(b)(6).

## C. Certificate of Appealability

28 U.S.C. § 2253(c)(1) provides, in relevant part, that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from – (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]"[2] 28 U.S.C. § 2553(c)(1). A court may only issue a Certificate of Appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Since Petitioner has failed to make such a showing with regard to any of his claims, the

---

[2] Rule 22 of the Federal Rules of Appellate Procedure also provides that an appeal may not proceed in such actions "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1).

11

Court declines to issue a Certificate of Appealability in this matter. *See Hohn v. United States*, 524 U.S. 236, 239-40 (1998) (quotation omitted). Further, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum-Decision and Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

### IV. CONCLUSION

After carefully reviewing the parties' submissions, the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Petitioner's motion to vacate judgment (Dkt. No. 75) is **DENIED** with prejudice as untimely; and the Court further

**ORDERS** that Petitioner's motion for leave to proceed IFP (Dkt. No. 76) is **DENIED as moot**; and the Court further

**ORDERS** that Petitioner's motion to appoint counsel (Dkt. No. 77) is **DENIED**; and the Court further

**ORDERS** that no Certificate of Appealability shall be issued with respect to any of Petitioner's claims; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 8, 2017
Albany, New York

Mae A. D'Agostino
U.S. District Judge